FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LARRY RUMBOUGH<br>Plaintiff,<br>v.<br>AT&T INC.; NATIONWIDE<br>CREDIT, INC.; and FRANKLIN<br>COLLECTION SERVICE, INC.<br>Defendants. | Case No:<br><br>6:09-cv-657-orl-18 GJK |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO §§ 1331 AND 1441

PLEASE TAKE NOTICE that Defendant NATIONWIDE CREDIT, INC. ("NCI") hereby removes to this Court the above-captioned action described further below:

### I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. An original petition was filed in the Circuit Court of the 9th Judicial District, in and for Orange County, Florida on or about March 2, 2009, styled *Larry Rumbough v. AT&T, INC., et al.*, Case No. 09-CA-6060 (the "State Court Action"). True and correct copies of all pleadings pertaining to the State Court Action are attached hereto as **Exhibit 1** (i.e. the Summons and Complaint).

2. The State Court Action was filed on March 2, 2009. The State Court Action docket does not reveal that a Summons has been issued to NCI or that a Proof of Service has been filed to date. A copy of the State Court Action docket is attached as **Exhibit 2**.

3. However, NCI was served with a copy of the Complaint on March 11, 2009. Regardless, this removal is filed within 30 days of service and within one

1

year of filing of the complaint. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

4. No defendant has appeared in the State Court Action to date. Accordingly, this removal is submitted without joinder by any other defendant.

5. No previous request has been made for the relief requested.

6. The Circuit Court for the 9th Judicial District of Florida is located within the Middle District of California, Orlando Division. *See* 28 U.S.C. § 84(c)(3). Thus venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and §1441

8. The complaint alleges and is primarily based upon questions of Federal law. For instance, the complaint alleges that Defendants violated the Florida Consumer Collection Practices Act ("FCCPA"). Cplt. ¶ 44(a)-d). The FCCPA is modeled on the federal Fair Debt Collection Practices Act ("FDCPA"). *Seibel v. Society Lease, Inc.* 969 F.Supp. 713, 716 (M.D.Fla., 1997). Plaintiff further alleges that Defendant Franklin Collection Service, Inc. "violated the FDCPA...by falsely representing the character, amount and legal status of any debt...by stating that nonpayment of the debt would result in garnishment...by threatening to take any action that could not be legally taken...by communicating or threatening to communicate with any person credit information which is known

2

or which should be known to be false...by the use of any false representation or deceptive means to collect any debt...by failing to warn that it was a debt collector...by not ceasing collection efforts until the debt was validated. Cplt. ¶ 48(a)-(h).

9. Federal question jurisdiction exists because plaintiff's claims depend on the determination of plaintiff's rights and defendants' duties, if any, under federal law.

10. As aforementioned, this action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b), as jurisdiction exists as conferred by 28 U.S.C. § 1331.

WHEREFORE, NATIONWIDE CREDIT, INC. respectfully removes this action from the Circuit Court for the 9th Judicial District for the County of Orange to this Court pursuant to 28 United States Code Sections 1331 and 1441.

Dated this 13th day of April, 2008

Respectfully submitted,

_____
Elizabeth R. Wellborn
TRIAL COUNSEL
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544 Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com
*Attorneys for Nationwide Credit, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of April, 2009, I submitted the foregoing Notice of Removal with the Clerk by providing a paper original and a copy on diskette in PDF format. I further certify that I served a true and correct copy of the foregoing document by United States first class mail to the parties on the attached service list.

        S/ Elizabeth R. Wellborn
        Elizabeth R. Wellborn
        Florida Bar No. 155047
        Elizabeth R. Wellborn, PA
        1701 West Hillsboro Blvd., Suite 307
        Deerfield Beach, FL 33442
        Tel: 954-354-3544   Ext. 215
        Fax: 954-354-3545
        ewellborn@erwlaw.com

## SERVICE LIST

Larry Rumbough
840 Lilac Terrace Lane
Orlando, Florida 32828
*Pro Se Plaintiff*