IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

LARRY RUMBOUGH
    Plaintiff,

-v-

Case No. 09-CA-6060

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

## COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, AT&T, INC.; NATIONWIDE CREDIT, INC.; and FRANKLIN COLLECTION SERVICE, INC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI); for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by Fla. Stat. §559.77, 15 U.S.C. §1681p, and 15 U.S.C. §1692k.

3. Venue is proper in this Circuit pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

4. This is an action for damages which exceed $15,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, AT&T, is a Texas Corporation, authorized to do business in Florida.

7. Defendant, NATIONWIDE CREDIT, INC. ("Nationwide"), is a Georgia Corporation, authorized to do business in Florida.

8. Defendant, FRANKLIN COLLECTION SERVICE, INC. ("Franklin"), is an unknown entity, not authorized to do business in Florida.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10. In 1988, Plaintiff obtained telephone service from BellSouth.

11. Plaintiff's phone service later transferred to AT&T when that entity merged with BellSouth.

12. On July 3, 2007, AT&T operating as BellSouth initiated a hard pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing his credit score.

11. On July 10, 2007, AT&T operating as BellSouth initiated a hard pull of Plaintiff's credit report from Equifax without permissible purpose, thereby reducing his credit score.

12. On August 8, 2007 Plaintiff discontinued telephone service with AT&T.

13. At the time his account was closed, Plaintiff had paid all amounts owed to AT&T.

14. Since the closing of the account, four collection agencies, OSI, Nationwide, Franklin, and CBCS, have attempted to collect from Plaintiff the amount of $94.19 allegedly due AT&T.

15. Upon belief and information, AT&T transferred the account to OSI for collection on the alleged debt without disclosing that the debt was disputed.

16. On October 11, 2007 OSI sent Plaintiff a letter attempting to collect on the alleged debt.

17. On November 5, 2007 Plaintiff sent a letter to OSI demanding validation of the alleged debt. The letter was sent by certified mail and received by OSI on November 8, 2007.

18. OSI did not respond to the letter.

19. Upon belief and information, OSI transferred to Nationwide the account for collection on the alleged debt without disclosing that the debt was disputed.

20. On November 14, 2007 Nationwide sent Plaintiff a letter attempting to collect on the alleged debt.

21. On November 14, 2007, Plaintiff received a phone call from Nationwide. Plaintiff requested the identity of the caller until he realized that it was an automated call.

22. On November 16, 2007, Plaintiff received a phone call from Nationwide. Plaintiff requested the identity of the caller until he realized that it was an automated call.

23. On November 21, 2007 Plaintiff sent a letter to Nationwide demanding validation of the alleged debt. The letter was sent by certified mail and received by Nationwide on November 26, 2007.

24. Nationwide did not respond to the letter.

25. On November 25, 2007, Plaintiff received a phone call from Nationwide. Plaintiff requested the identity of the caller until he realized that it was an automated call.

26. Upon belief and information, Nationwide transferred to Franklin the account for collection on the alleged debt without disclosing that the debt was disputed.

27. On February 6, 2008 Franklin sent Plaintiff a letter attempting to collect on the alleged debt. In the letter, Franklin threatened to file a lawsuit against Plaintiff, to have a sheriff serve Plaintiff with legal papers, to garnish Plaintiff's wages, and to report the account to a credit reporting agency.

28. On February 13, 2008, Plaintiff received a phone call from Franklin. Plaintiff requested the identity of the caller until he realized that it was an automated call.

29. On February 13, 2008 Plaintiff sent a letter to Franklin demanding validation of the alleged debt. The letter was sent by certified mail and received by Franklin on February 19, 2008.

30. On February 22, 2008 Franklin sent Plaintiff a letter purporting to validate the alleged debt.

31. On February 26, 2008 Franklin sent Plaintiff a letter attempting to collect on the alleged debt. In the letter, entitled "Notice of Expiration", Franklin threatened to start intense collection remedies, including "credit reporting, verification of address, phone numbers, location information, places of employment, sources of income, and qualification for civil litigation."

32. On March 6, 2008 Franklin sent Plaintiff a letter attempting to collect on the alleged debt. In the letter, Franklin again threatened to file a lawsuit against Plaintiff.

33. On March 11, 2008, Plaintiff called Franklin and spoke with its employee Clark Curbow. Plaintiff advised Mr. Curbow that he was extremely concerned over Franklin's threats to take the drastic action outlined in its letters over a nonexistent debt. Mr. Curbow stated that Franklin had no intention of filing a lawsuit against Plaintiff or reporting Plaintiff's account to the credit bureaus, in direct contradiction to the threats in Franklin's letters. Plaintiff requested that Franklin commit to these guarantees in writing; Mr. Curbow declined to do so.

34. On March 14, 2008 Franklin sent Plaintiff copies of itemized bills from AT&T, ostensibly to validate the alleged debt.

35. Upon belief and information, Franklin transferred to CBCS the account for collection on the alleged debt without disclosing that the debt was disputed.

36. On August 6, 2008 CBCS sent Plaintiff a letter attempting to collect on the alleged debt.

37. On August 18, 2008 Plaintiff sent a letter to CBCS demanding validation of the alleged debt. The letter was sent by certified mail and received by CBCS on August 26, 2008.

38. On January 12, 2009, Nationwide called Plaintiff attempting to collect on the alleged debt. The caller identified himself as Peter Anand.

39. Plaintiff has settled all of his claims against OSI and CBCS in confidential settlements before the filing of this lawsuit. Although Plaintiff contends that OSI and CBCS were in violation of federal and state laws in the collection of the alleged debt, they are not defendants in this action.

40. Plaintiff contends that the illegal actions of the Defendants have harmed the Plaintiff, resulting in a reduction of his credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS AT&T, NATIONWIDE, AND FRANKLIN

41. Paragraphs 1 through 40 are realleged as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

43. AT&T is a creditor within the meaning of the FCCPA, Fla. Stat. §559.55(3) and OSI, Nationwide, and Franklin are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

44. AT&T, OSI, Nationwide, and Franklin violated the FCCPA. Defendants' violations include, but are not limited to, the following:
   (a) Franklin violated Fla. Stat. §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
   (b) AT&T, Nationwide, and Franklin violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (c) Nationwide and Franklin violated Fla. Stat. §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

(d) AT&T, Nationwide, and Franklin violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

(e) Nationwide and Franklin violated Fla. Stat. §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

WHEREFORE, Plaintiff demands judgment for damages against AT&T, Nationwide, and Franklin for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT FRANKLIN COLLECTION SERVICE, INC.

45. Paragraphs 1 through 40 are realleged as though fully set forth herein.

46. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

47. Franklin is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

48. Franklin violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Franklin violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Franklin violated 15 U.S.C. §1692e(4) by stating that nonpayment of any debt would result in garnishment.

(c) Franklin violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(d) Franklin violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(e) Franklin violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) Franklin violated 15 U.S.C. §1692e(11) by failing to warn that it was a debt collector.

(g) Franklin violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(h) Franklin violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Franklin for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT AT&T

49. Paragraphs 1 through 40 are realleged as though fully set forth herein.

50. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

51. AT&T is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

52. AT&T willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) AT&T willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against AT&T for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### COUNT IV
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### NEGLIGENT NON-COMPLIANCE BY DEFENDANT AT&T

53. Paragraphs 1 through 40 are realleged as though fully set forth herein.

54. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

55. AT&T is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

56. AT&T negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) AT&T negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against AT&T for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 2, 2009

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859