**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH
   Plaintiff,

v.

AT&T INC.; NATIONWIDE
CREDIT, INC.; and FRANKLIN
COLLECTION SERVICE, INC.
   Defendants.

**Case No.** 6:09-cv-657

## DEFENDANT NATIONWIDE CREDIT, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

  COMES NOW Defendant NATIONWIDE CREDIT, INC. ("NCI") by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court for the entry of an order dismissing the sole claim against it in Plaintiff LARRY RUMBOUGH's ("Plaintiff") Complaint.

## I.
## SUMMARY

  1. On March 2, 2009, Plaintiff LARRY RUMBOUGH filed a four Count Complaint alleging that Defendants violated the Florida Consumer Collection Practices Act ("FLCCPA"), Fla. Stat. § 559 et seq., the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., willful non-compliance under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq., negligent non-compliance under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq.

  2. The sole count directed at NCI is for violation of certain provisions of the FCCPA by, among other things, allegedly "disclosing information concerning

the existence of a debt known to be reasonably disputed by the debtor without disclosing that [the debt was in dispute]" (*See* Count I).

3. Plaintiff's allegations in Count I relating to violations of the FCCPA for failing to note that a debt was "in dispute" (i.e., Fla. Stat. § 559.72(6)) should be dismissed because FCRA preempts this state law statutory cause of action.

4. Plaintiff's allegations in Count I relating to violations of the FCCPA for willfully communicating with Plaintiff with such frequency as could be reasonably expected to harass Plaintiff (i.e., Fla. Stat. § 559.72(7)) should be dismissed because Plaintiff fails to allege sufficient facts to state such a claim.

5. Plaintiff's allegations in Count I relating to violations of the FCCPA for claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate (i.e., Fla. Stat. § 559.72(9)) should be dismissed because Plaintiff fails to allege sufficient facts to state such a claim.

6. Plaintiff's allegations in Count I relating to violations of the FCCPA for refusing to provide adequate identification of herself or himself or his or her employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt (i.e. Fla. Stat. § 559.72(15) should be dismissed because Plaintiff fails to allege sufficient facts to state such a claim.

## MEMORANDUM OF LAW
### I.
### STANDARDS FOR A MOTION TO DISMISS

In deciding motions to dismiss, a court must confine itself to the four corners of the complaint. *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D. Fla. 1995); *Bunger v. Hartman*, 851 F.Supp. 461, 463 (S.D. Fla. 1994). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be

granted if, after accepting all well-pled allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. *See Eidson v. Arenas*, 155 F.R.D. 215, 219 (M.D. Fla. 1994); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [ ... ]. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted).

## II.
## ARGUMENT

**A.    Plaintiff's FCCPA § 559.72(6) Claim is Preempted by the Federal Fair Credit Reporting Act**

Plaintiff asserts that NCI improperly disclosed information regarding the debt which Plaintiff maintains NCI knew was disputed in violation of § 559.72(6) of the FCCPA. Cplt. ¶ 44(b).

Subsection (6) provides that it is a violation of the act for a debt collector to:

> Disclose information concerning the existence of a debt
> known to be reasonably disputed by the debtor without
> disclosing that fact. If a disclosure is made prior to such
> reasonable dispute having been asserted and written
> notice is received from the debtor that any part of the
> debt is disputed and if such dispute is reasonable, the
> person who made the original disclosure shall reveal
> upon the request of the debtor within 30 days the details
> of the dispute to each person to whom disclosure of the

>   debt without notice of the dispute was made within the
>   preceding 90 days;

Fla. Stat. § 559.72(6).

In Count I of the Complaint, Plaintiff purports to claim that NCI and the other defendants have violated Section 559.72(6) of the FCCPA by "disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." See Cplt. ¶ 44(b). However, because the duty of a furnisher of information to note that a debt is "in dispute" is governed by Section 1681s-2(a)(3) of Fair Credit Reporting Act ("FCRA"), the enforcement of which is left exclusively to certain governmental agencies and officials (see 15 U.S.C. § 1681s-2(c) & (d)), Plaintiff's state law statutory claim is preempted by FCRA.

Under the Supremacy Clause of the United States Constitution, "the Laws of the United States…shall be the supreme Law of the Land…any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. In Section 1681t of FCRA, Congress explicitly stated the degree to which FCRA preempts state law which conflicts with the provisions of FCRA:

>   No requirement or prohibition may be imposed under the
>   laws of any State with respect to any subject matter
>   regulated under…section 1681s-2 of this title, relating to
>   the responsibilities of persons who furnish information to
>   consumer reporting agencies…"

15 U.S.C. §1681t(b)(1)(F).

Section 559.72(6) of the FCCPA conflicts with FCRA and is expressly preempted by Section 1681t(b)(1)(F) because Section 559.72(6) of the FCCPA attempts to regulate a subject matter governed by Section 1681s-2(a) of FCRA, i.e., when a furnisher of information must note that an account is "in dispute." *See* 15 U.S.C. §1681s-2(a)(3). Indeed, numerous courts have held that state statutes,

such as the FCCPA, which attempt to regulate the duties of furnishers of information are preempted by Section 1681t(b)(1)(F) of FCRA because such statutes concern the "subject matter" regulated by Section 1681s-2 of FCRA. *See*, e.g., *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496, 503 (W.D. Tenn. 1999)(Tennessee Consumer Protection Act preempted to the extent it provided a private cause of action against furnishers of information for duties or obligations which can only be enforced by certain governmental agencies and officials under Section 1681s-2(a) & (c) of FCRA); *Howard v. Blue Ridge Bank*, 371 F. Supp.2d 1139, 1144 (N.D. Cal. 2005)(holding that state statute preempted by FCRA and noting that "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit."); *Davis v. TransUnion, LLC*, 526 F.Supp.2d 577, 587-89 (W.D.N.C. 2007)(North Carolina's Unfair and Deceptive Trade Practices Act preempted to the extent it governed the "responsibilities of persons who furnish information to consumer reporting agencies"); *Jaramillo v. Experian Information Solutions*, Inc., 155 F.Supp.2d 356, 361-62 (E.D. Pa. 2001)(Pennsylvania Unfair Trade Practices and Consumer Protection Law as applied to furnisher of information was preempted); *Ryder v. Washington Mut. Bank.*, F.A., 371 F.Supp.2d 152, 155 (D.Conn. 2005) (claim under the Connecticut Unfair Trade Practices Act against furnisher of information concerning inaccuracies reported to credit reporting agency after notice of dispute was preempted by FCRA).

      Numerous other courts have similarly held that state common law claims which concern matters governed by Section 1681s-2(a) of FCRA are also preempted. *See, e.g., Abbett v. Bank of America*, No. 3:04cv01102-WKW-VPM, 2006 WL 581193, at *5 (M.D. Ala. Mar. 8, 2006)("Allowing any private state law

action to proceed against a furnisher of information based on violations of duties established by §1681s-2(a) is inconsistent with the FCRA"); *Knudson v. Wachovia Bank*, 513 F. Supp.2d 1255, 1260-61 (M.D. Ala. 2007)(allegations regarding failure to report accurate information and to correct reported information which are duties regulated by Section 1681s-2(a) of FCRA were preempted); *Lofton-Taylor v. Verizon Wireless,* No. 05-05320CG-B, 2006 WL 3333759, at 8 (S.D. Ala. Nov. 14, 2006)(state law claims, based on facts which are also alleged to be a violation of Section 1681s-2(a), are preempted).

Therefore, as the duty to note that a debt is "in dispute" is regulated by Section 1681s-2(a)(3) of FCRA, the case law clearly demonstrates that Section 1681t(b)(1)(F) preempts Plaintiff's claim and precludes any private cause of action against NCI for any failure to note a debt "in dispute."

### B. Plaintiff's Remaining Claims Under FCCPA §§ 559.72(7), (9), and (15) Fail To Allege Sufficient Facts to State A Claim for Relief

Plaintiff recites the statutory language found in FCCPA § 559.72(7), (9) and (15). However, the facts pleaded do not demonstrate that NCI violated the sections of the FCCPA.

Plaintiff reiterates the language in Fla. Stat. § 559.72(9) by alleging that NCI, and the other Defendants, claimed attempted or threatened "to enforce a debt when such persons knew that the debt was not legitimate." Cplt. ¶ 44(d). However, Plaintiff's own admissions demonstrate that NCI was not aware of the fact that the debt was disputed at all. For example, Plaintiff states "OSI transferred to Nationwide the account for collection on the alleged debt without disclosing that the debt was disputed." Cplt. ¶ 19. By Plaintiff's own admission, NCI cannot be held to have knowledge that the debt was disputed at the time it was assigned the right to collect the account.

Plaintiff also reiterates the language found in Fla. Stat. § 559.72(15) by stating that NCI, and the other Defendants, refused to provide "adequate identification of herself or himself or his or her employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt." Cplt. ¶44 (e). However, Plaintiff admits that he was aware that the calls he received were from NCI and that the calls were automated. Cplt. ¶¶ 21-22. NCI cannot be liable for failing to respond when Plaintiff's requests were directed at an automated caller instead of a live NCI representative.

Finally, Plaintiff alleges that NCI, and Defendant Franklin, violated the FCCPA by "willfully communicating with Plaintiff with such frequency as could be reasonably expected to harass Plaintiff." Fla. Stat. § 559.72(7). Cplt. ¶ 44(c). However, Plaintiff alleges that NCI sent one letter to Plaintiff on November 14, 2007 and made three automated telephone calls to Plaintiff – on November 14, 16, and 25, 2007 before transferring the account to Defendant Franklin sometime prior to February of 2008. Cplt. ¶¶ 20-26. Plaintiff also alleges that he received one additional call from NCI on January 12, 2009. This level of contact cannot be construed to be so frequent as to be considered willfully harassing. *See, Schauer v. Morse Operations, Inc.,* App. 4 Dist., 2009 WL 18674 (2009) (seven telephone calls made by financing company to co-signor of automobile loan over six months in attempt to collect loan in default were neither so frequent nor so harassing so as to violate Consumer Collection Practices Act (CCPA) prohibiting a creditor from abusive or harassing communication with a debtor).

Plaintiff's conclusory and unwarranted deductions of fact demonstrate that Plaintiff has not and cannot state a claim against NCI. *Guilbeaux v. 3927 Foundation, Inc.*, 177 F.R.D. 387, 390 (E.D. Tex., 1998).

# III.
# CONCLUSION

For the reasons more particularly set forth above, Nationwide Credit, Inc. respectfully requests that this Court dismiss Count I of the Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant NCI requests the Court grant its Motion to Dismiss and award such other and further relief to which NCI may be justly entitled.

Dated this 21th day of April, 2009        Respectfully submitted,

S/ Elizabeth R. Wellborn
Elizabeth R. Wellborn
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544   Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com
*Attorneys for Nationwide Credit, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this <u>21th</u> day of <u>April</u>, 2009, I submitted the foregoing Notice of Removal with the Clerk through the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Larry Rumbough
840 Lilac Terrace Lane
Orlando, Florida  32828
*Pro Se Plaintiff*

<u>S/ Elizabeth R. Wellborn</u>
Elizabeth R. Wellborn
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544   Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LARRY RUMBOUGH<br>    Plaintiff,<br>v.<br>AT&T INC.; NATIONWIDE<br>CREDIT, INC.; and FRANKLIN<br>COLLECTION SERVICE, INC.<br>    Defendants. | **Case No.** 6:09-cv-657 |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Upon consideration of Defendant Nationwide Credit, Inc.'s ("NCI") Motion to Dismiss the sole Count of Plaintiff's Complaint, and this Court being duly advised in the premises, it is

ORDERED and ADJUDGED as follows,

The Motion to Dismiss is GRANTED. Count I of Plaintiff's Complaint is DISMISSED as to NCI.

IT IS SO ORDERED.

Dated this ___ day of _____, 2009, at Orlando, Florida.

_____
JUDGE OF THE UNITED STATES DISTRICT
COURT, FOR THE MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION