UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
Plaintiff,

Case No. 6:09-cv-00657-JA-GJK

-v-

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
Defendants.

### PLAINTIFF'S MOTION TO STRIKE AS A SHAM PLEADING DEFENDANT NATIONWIDE CREDIT, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT AND MOTION TO REMAND THE CASE TO STATE COURT

Plaintiff, Larry Rumbough, hereby moves to strike as a sham pleading, pursuant to Fed.R.Civ.P. 12(f), Defendant Nationwide Credit, Inc.'s Notice of Removal of Action to Federal Court, moves to remand the case to state court pursuant to 28 U.S.C. § 1447(c), and states:

1. Defendant Nationwide Credit, Inc. (NCI) was properly served with the state Complaint on March 11, 2009. This fact is demonstrated by the attached proof of service (Exhibit "A") and is further admitted by NCI in its Notice of Removal.

2. NCI filed a Notice of Removal of Action to Federal Court Pursuant to §§ 1331 and 1441 on April 13, 2009.

3. 28 U.S.C. § 1446(b) requires that a notice of removal be filed within 30 days of service. This requirement is jurisdictional in nature.

4. Although NCI's attorney, Elizabeth Wellborn, falsely asserted to the Court that its Notice of Removal was filed within 30 days of service, it clearly was filed 33 days after service. Such lack of timeliness renders the Notice of Removal a sham pleading. This failure to abide by statute is further exacerbated by Ms. Wellborn's false representation to the Court.

5. 28 U.S.C. § 1446(d) requires that "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties...." This requirement is jurisdictional in nature.

6. NCI properly served Plaintiff with the Notice of Removal, but as evidenced by the Certificate of Service signed by Ms. Wellborn (Exhibit "B") it did not serve either of the other two defendants, AT&T, Inc. or Franklin Collection Service, Inc. Such lack of service renders the Notice of Removal a sham pleading.

7. This motion to remand the case to state court is properly made within 30 days of filing the Notice of Removal as required by 28 U.S.C. § 1447(c).

8. Because of NCI's failure to file the Notice of Removal within 30 days of service and to serve a copy on all parties, the Notice of Removal is void ab initio, immaterial, and must be stricken as a matter of law. Further, the case must be remanded to state court as required by 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff requests that NCI's Notice of Removal of Action to Federal Court be stricken as a sham pleading and that the case be remanded to state court.

Dated: May 11, 2009

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 11th day of May, 2009 by U.S. Mail delivery to:

Elizabeth R. Wellborn
1701 West Hillsboro, Blvd., Suite 307
Deerfield Beach, FL 33442

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606

AT&T, Inc.
c/o C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

*Larry Rumbough* (signature)
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATION OF CONFERENCE

Plaintiff, Larry Rumbough, certifies that he has attempted to confer in good faith regarding this motion as required by Local Rule 3.01(g) with Elizabeth R. Wellborn, Attorney for Nationwide Credit, Inc. and Dale T. Golden, Attorney for Franklin Collection Service, Inc. Plaintiff called and left messages for Ms. Wellborn on 5/4/09 and 5/11/09 and for Mr. Golden on 5/11/09. Neither of those attorneys has returned Plaintiff's calls. Plaintiff will continue to attempt to confer with both attorneys on a daily basis until he has reached them and will timely supplement this certification to the Court with their responses. To Plaintiff's knowledge, no attorney has appeared for AT&T.

*Larry Rumbough* (signature)
Larry Rumbough

37

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

| Assignment # | Service Sheet # | |
|---|---|---|
| 10090 | | 09-016485 |

| | | | |
|---|---|---|---|
| RUMBOUGH, LARRY vs. AT & T INC., ETAL | | | 09-CA-6060 |
| SUM/COMPLAINT PLAINTIFF | vs. CIRCUIT/ORANGE DEFENDANT | | CASE |
| TYPE OF WRIT | | COURT | HEARING DATE |
| NATIONWIDE CREDIT INC C/O CT CORP SYSTEMS SERVE | | 1200 S PINE ISLAND ROAD PLANTATION, FL 33324 | |

3.34004
RUMBOUGH, LARRY
840 LILAC TRACE LANE
ORLANDO, FL 32828

Received this process on
3/9/2009
Date

☒ Served
☐ Not Served – see comments

03/11/09   at   1110
Date   Time

2892   Attorney

On NATIONWIDE CREDIT INC C/O CT CORP SYSTEMS, in Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:
_____, in accordance with F.S. 48.031(1)(a)

☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)

☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b), after two or more attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**
☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)

☒ To CT Corp System, as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS: Donna Moch CT Corp Rep.

You can now check the status of your writ by visiting the Broward Sheriff's Office Website at www.sheriff.org and clicking on the icon "Service Inquiry"

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 10090 D.S.
   SM Borgese

ORIGINAL

## CERTIFICATE OF SERVICE

I certify that on this 13th day of April, 2009, I submitted the foregoing Notice of Removal with the Clerk by providing a paper original and a copy on diskette in PDF format. I further certify that I served a true and correct copy of the foregoing document by United States first class mail to the parties on the attached service list.

S/ Elizabeth R. Wellborn
Elizabeth R. Wellborn
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544   Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com

## SERVICE LIST

Larry Rumbough
840 Lilac Terrace Lane
Orlando, Florida 32828
*Pro Se Plaintiff*