# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LARRY RUMBOUGH | |
|       Plaintiff, | **Case No.** 6:09-cv-657-JA-GJK |
| v. | |
| AT&T INC.; NATIONWIDE CREDIT, INC.; and FRANKLIN COLLECTION SERVICE, INC. | |
|       Defendants. | |

### DEFENDANT'S NATIONWIDE CREDIT, INC.'S OPPOSITION TO MOTION TO REMAND AND MOTION TO STRIKE

COMES NOW Defendant NATIONWIDE CREDIT, INC. ("NCI") by and through its undersigned counsel, and submits the following memorandum in opposition to Plaintiff's Motion to Strike Notice of Removal as Sham Pleading and Motion to Remand Case to State Court.

## I.
## SUMMARY

Plaintiff alleges that NCI's Notice of Removal based on federal question jurisdiction is procedurally defective because it was late-filed.  However, NCI urges this Court to retain jurisdiction over this case based on diversity jurisdiction because it believes (but has yet to confirm) that no defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.  Plaintiff states that he is an individual who resides in Florida. Cplt. ¶ 5. However, he omits any reference to his citizenship. Plaintiff admits that NCI is a Georgia corporation, and that AT&T, Inc. is a Texas corporation.  Cplt. ¶¶ 6-7. NCI has learned that Franklin Collection Service, Inc. ("FCS") is a Mississippi corporation which makes FCS as Mississippi citizen. **Exhibit 1.**

Plaintiff's complaint demands an amount in excess of $15,000 and seeks statutory and punitive damages, as well as attorneys' fees and costs, as well as actual damages for mental anguish, humiliation, and loss of reputation. Cplt. ¶¶ 4, 40. Plaintiff's damages may well exceed the amount in controversy for the purposes of diversity jurisdiction. NCI contends that it will ascertain through discovery that Plaintiff is not a citizen of the same state as any defendant and that Plaintiff's damages claim exceeds the jurisdictional minimum. Wellborn Dec. ¶ 12.

Plaintiff further alleges that the Notice of Removal is a sham pleading and moves to strike it because: (1) the notice was filed 33 days after service instead of the required 30 days; and (2) NCI did not serve the other two named defendants with the Notice of Removal.  Contrary to Plaintiff's assertion otherwise, NCI had until April 11, 2009 to file its removal, not April 10, 2009. Wellborn Dec. ¶ 6. However, because April 11, 2009 was a Saturday, NCI had until close of business on April 13, 2009 to file its removal. Wellborn Dec. ¶ 6. In good faith, NCI's counsel timely signed and submitted the Notice of Removal based on Federal Question Jurisdiction for filing on April 13, 2009 although it was not received by the Court until April 14, 2009. Wellborn Dec. ¶ 7. At the time NCI filed its Notice of Removal, no other defendant had appeared in the state court action. **Exhibit 2**. Thus, no other Defendant was required to be served with the Notice of Removal.

Plaintiff's Motion to strike fails on procedural grounds as well because a motion to strike is not the proper method for attacking a sham pleading in federal court. Instead, a Rule 11 Motion is appropriate.

## **MEMORANDUM OF LAW**

### **I.**

## **THE COURT SHOULD RETAIN JURISDICTION BASED ON DIVERSITY**

Even if the removal based on federal question jurisdiction was procedurally defective because it was filed one day late, the Court should retain jurisdiction because NCI states that it will have grounds to remove based on diversity once initial disclosures are exchanged. In that case, the 30-day removal period does not begin to run until the defendant learns of the basis for removal jurisdiction. *Essenson v. Coale*, 848 F.Supp. 987 (M.D.Fla.,1994); *IMCO USA, Inc. v. Title Ins. Co. of Minnesota*, 729 F.Supp. 1322 (M.D.Fla.,1990); *Fleming v. Colonial Stores, Inc.*, 279 F.Supp. 933 (N.D.Fla.,1968).

This action may be removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) because NCI contends that it will be able to establish that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

None of the defendants in this action are citizens of Florida.  NCI is a Georgia corporation.  Cplt. ¶ 7.  AT&T is a Texas corporation. Cplt. ¶ 6. FCS is a Mississippi corporation. **Exhibit 1**.  The citizenship of a corporation is determined based on both the state of its incorporation and the state of its principal place of business. *Rossi, Turecamo & Co., Inc. v. Best Resume Service, Inc.*, 497 F.Supp. 437 (S.D.Fla., 1980).  Therefore, the defendants in this action are citizens of Georgia, Texas, and Mississippi. Although Plaintiff admits that he resides in Florida, the complaint does not allege the Plaintiff's citizenship.  Cplt. ¶ 5. However, NCI anticipates that through discovery, it will learn that Plaintiff is not a citizen of the same state as any defendant.

The amount in controversy will exceed the jurisdictional minimum of $75,000. When determining whether plaintiff's claim exceeds the $75,000 amount in controversy threshold for federal diversity jurisdiction, if a plaintiff has alleged damages less than $75,000 and defendant removes the case from state court to federal court, the court should evaluate the amount in controversy based on the allegations in the complaint set forth at the time of removal. 28 U.S.C.A. § 1332(a). See *Saberton v. Sears Roebuck and Co.*, 392 F.Supp.2d 1358 (M.D.Fla., 2005); *see also Wright v. Continental Cas. Co.*, 456 F.Supp. 1075.

Plaintiff's complaint demands an amount in excess of $15,000 and seeks statutory and punitive damages, as well as attorneys' fees and costs. Cplt. ¶¶ 4, prayers.  Plaintiff also seeks damages for mental anguish, humiliation, and loss of reputation. Cplt. ¶ 40. NCI anticipates that through discovery, it will learn that Plaintiff's request for damages will well exceed the amount in controversy for the purposes of diversity jurisdiction. NCI requests that the Court deny Plaintiff's Motion to Remand the case to state court in light of the existence of diversity jurisdiction.

### III.
### THE NOTICE OF REMOVAL IS NOT A SHAM PLEADING

Plaintiff maintains that the Notice of Removal is a sham pleading for two reasons: (1) the notice was filed 33 days after service instead of the required 30 days; and (2) NCI did not serve the other two named defendants with the Notice of Removal.  However, both reasons are insufficient to warrant striking the pleading.

First, the Notice of Removal is not a sham pleading under Florida law because it was filed in good faith. In Florida, a sham pleading is one that is in proper form but false in fact, or one in good form but false in fact and not pleaded in good faith. *Meadows v. Edwards*, 82 So. 2d 733 (Fla. 1955); *City of Miami v.*

*Urban League of Greater Miami, Inc.,* 849 So. 2d 1095 (Fla. Dist. Ct. App. 3d Dist. 2003); *St. John Medical Plans, Inc. v. Physician Corp. of America*, 711 So. 2d 1329 (Fla. Dist. Ct. App. 3d Dist. 1998). The words "false" and "sham," as applied to pleadings, are usually construed as synonymous. Since the chief characteristic of a sham pleading is its undoubted falsity, it follows that averments are not sham where they are not false in fact or pleaded in bad faith. *Meadows v. Edwards*, 82 So. 2d 733 (Fla. 1955).

In good faith, NCI's counsel timely signed and submitted the Notice of Removal based on Federal Question Jurisdiction for filing on April 13, 2009 although it was not received by the Court until April 14, 2009. Wellborn Dec. ¶ 7. Plaintiff's assertion that the Notice of Removal is a sham is simply not supported by any evidence. Plaintiff has not submitted an affidavit or a verification to his motion.

Second, Plaintiff miscalculates the timeframe for filing a Notice of Removal. Pursuant to Federal Rule of Civil Procedure, 6, when filing a Notice of Removal under 28 U.S.C. §1446 subsection (b), a defendant has 30 days commencing the day after the date of service of the complaint to file a Notice of Removal. *S.M. v. Jones,* 794 F.Supp. 638, 639 (W.D.Tex., 1992) (the time limitations in [28 U.S.C.] Where the last day to file falls on a Saturday, the defendant has until the end of the next court day, Monday (unless Monday is a legal holiday) on which to file its Notice of Removal. Fed. R. Civ. Proc 6(a)(3); *see also*, *Medina v. Wal-Mart Stores, Inc.*, 945 F.Supp. 519 (W.D.N.Y. 1996).

Plaintiff claims that NCI's Notice of Removal was untimely because it was not filed until April 13, 2009. MTR. ¶¶ 2-4. Plaintiff presumes that the 30 day period commenced on the day the complaint was served, March 11, 2009, when in fact it did not commence until March 12, 2009 – the day after service. MTR ¶3; *see*

*also* FRCP 6(a)(1). Calculating time from the day after service, March 12, 2009, NCI had until April 10 to remove. FRCP 6(a)(1). However, because April 10, 2009 fell on a Saturday, NCI had until the close of court on Monday April 13, 2009 to file its Notice of Removal. FRCP 6(a)(3). Plaintiff's conclusion that NCI's removal was untimely because April 13, 2009 was 33 days after service of the Complaint is legally erroneous.

      Third, Plaintiff's allegation that lack of service of Notice of Removal on the other two named defendants renders the Notice of Removal a sham pleading is legally incorrect. Only those parties who have appeared in an action are required to receive service of pleadings. *New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir., 1996) (Party's "appearance" in action, such as entitles party to service of all papers filed, involves some presentation or submission to court and is indication in some way of intent to pursue defense). At the time NCI filed its Notice of Removal, no other defendant had appeared in the state court action. A copy of the state court docket dated April 13, 2009 confirms that no other defendant had appeared in the state court action as of that date. **Exhibit 2**. Therefore, NCI was not required to serve any other defendant with the Notice of Removal.

      Finally, Frivolous or "sham" pleadings are not subject to Rule 12(f) motions. Although Florida Statute provides for moving to strike sham pleadings under Florida Civil Procedure, Rule 1.150, there is no equivalent federal statute. Instead, the mechanism for challenging frivolous or sham federal pleadings is a motion pursuant to Rule 11, which is subject to entirely different procedures. Fed. R. Civ. Proc. 11. Plaintiff has not filed a Rule 11 motion. Instead, Plaintiff improperly attacks the Notice of Removal based on Fla. Prac. Civ. Proc. Rule 1.150. Even if Plaintiff had followed the proper procedure and filed a Rule 11 Motion, such a motion would not be proper in this case, because as set forth above, the Notice of

Removal was submitted for filing in good faith, however, it was received by the Court one day late. This is not the type of conduct appropriately punished by sanctions under Rule 11.

## IV.

## CONCLUSION

For the foregoing reasons, Defendant Nationwide Credit, Inc. respectfully requests that this Court deny Plaintiff's Motion to remand and Motion to Strike the Notice of Removal as a Sham Pleading.

Dated: May 29, 2009                                         Respectfully Submitted,

s/ Elizabeth R. Wellborn
Elizabeth R. Wellborn
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544   Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com
*Attorneys for Nationwide Credit, Inc.*

## **DECLARATION OF ELIZABETH R. WELLBORN**

I, Elizabeth R. Wellborn, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Florida and in the United States District Court for the Middle District of Florida. I am counsel of record for Nationwide Credit, Inc. ("NCI"). I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify to those facts.

2. This declaration of notice is made in support of NCI's Opposition to Plaintiff's Motion to Strike as Sham Pleading NCI's Notice of Removal and Motion to Remand the Case to State Court.

3. On March 2, 2009, Plaintiff LARRY RUMBOUGH filed a four Count Complaint in the Circuit Court for the 9th Circuit Judicial District of Orange County, Florida.

4. On March 11, 2009, Plaintiff served Defendant Nationwide Credit, Inc. ("NCI") through its registered agent in Florida by process server. Attached as **Exhibit 1** is a true and correct copy of the Proof of Service on NCI's registered agent.

6. Contrary to Plaintiff's assertion otherwise, NCI had until April 11, 2009 to file its removal, not April 10, 2009. However, because April 11, 2009 was a Saturday, NCI had until close of business on April 13, 2009 to file its removal.

7. I timely signed and submitted the Notice of Removal based on Federal Question Jurisdiction for filing on April 13, 2009. However, my attorney service was unable to file the Notice of Removal until April 14, 2009.

8. I believe that the Court still retains Diversity Jurisdiction over the case because no defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.

9. Plaintiff states that he is an individual who resides in Florida. However, he omits any reference to his citizenship.

10. Plaintiff admits that NCI is a Georgia corporation, and that AT&T, Inc. is a Texas corporation.

11. On May 26, 2009, I conducted a search of the Mississippi Secretary of State online business search. I learned that Franklin Collection Service, Inc. ("FCS") is a Mississippi corporation which makes FCS as Mississippi citizen. Attached as **Exhibit 1** is a true and correct copy of the search results I printed.

11. Plaintiff's complaint demands an amount in excess of $15,000 and seeks statutory and punitive damages, attorneys' fees and costs, as well as actual damages for mental anguish, humiliation, and loss of reputation.

12. I believe that NCI will ascertain through discovery that Plaintiff is not a citizen of the same state as any defendant and that Plaintiff's damages claim exceeds the jurisdictional minimum.

13. I attached a copy of the state court docket as an exhibit to the Notice of Removal which reveals that as of April 13, 2009, no other defendant had appeared in the state court action. Attached as **Exhibit 2** is a true and correct copy of the state court action docket from April 13, 2009 which was submitted with NCI's Notice of Removal.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 28th day of May, 2009 at Deerfield Beach, Florida.

s/ Elizabeth R. Wellborn
Elizabeth R. Wellborn

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29st day of May, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will notify the following electronically:

GOLDEN & SCAZ, PLLC
Dale T. Golden, Esquire
2124 W. Kennedy Blvd., Suite A
Tampa, Florida 33606
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-mail: dale.golden@goldenscaz.com
*Attorney for Defendants AT&T, Inc.*
*& Franklin Collection Service, Inc*.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail on May 29, 2009 to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
*Plaintiff, Pro Se*

                                                  s/ Elizabeth R. Wellborn
                                                  Elizabeth R. Wellborn
                                                  Florida Bar No. 155047
                                                  Elizabeth R. Wellborn, PA
                                                  1701 West Hillsboro Blvd., Suite 307
                                                  Deerfield Beach, FL 33442
                                                  Tel: 954-354-3544   Ext. 215
                                                  Fax: 954-354-3545
                                                  ewellborn@erwlaw.com