RECEIVED
2009 JUN 15 PM 4: 52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
    Plaintiff,

-v-

Case No. 6:09-cv-00657-JA-GJK

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION TO SEEK LEAVE TO
RESPOND TO DEFENDANT NATIONWIDE CREDIT, INC.'S
OPPOSITION TO MOTION TO REMAND AND MOTION TO STRIKE**

Plaintiff, Larry Rumbough, hereby files Plaintiff's Unopposed Motion to Seek Leave to Respond to Defendant Nationwide Credit, Inc.'s Opposition to Motion to Remand and Motion to Strike of May 28, 2009, and states:

1. Defendant Nationwide Credit, Inc.'s (NCI) Opposition contains several critical misrepresentations that prejudice Plaintiff's position. Therefore, Plaintiff is seeking leave of the Court to respond to the Opposition pursuant to Local Rule 3.01(c).

2. Defendant's Opposition serves as an improper amendment of Defendant NCI's Notice of Removal of Action to Federal Court Pursuant to §§ 1331 and 1441 of April 13, 2009 in that it gives a different reason for removal. The new reason given is the unsubstantiated claim that Plaintiff is seeking more than $75,000.00 in damages. Defendant NCI has failed to file a proper notice of removal based on this claim.

3. The Opposition also falsely states that NCI was only one day late in filing the Notice of Removal. A review of any calendar clearly indicates that the deadline for filing the Notice of

Removal was indeed April 10, 2009, which is 30 days after March 11, 2009. The notice filed on April 14, 2009 was indeed four days late.

4. Ms. Wellborn had a duty to count the days pertaining to this timeline accurately. Perhaps she was not aware that March has 31 days, but this information is readily available on any calendar. She either deliberately attempted to mislead the Court or she twice failed to count the days as she had claimed.

5. In her Declaration submitted with the Opposition and signed under penalty of perjury, Ms. Wellborn claims she has personal knowledge that Plaintiff's damages exceed $75,000.00.

6. On June 9, 2009 Plaintiff asked Ms. Wellborn in a phone conversation for the content and source of this alleged information. Ms. Wellborn refused to provide either. Plaintiff believes that Ms. Wellborn concocted this information to order to mislead the Court into denying Plaintiff's original motion.

7. In fact, in a phone conversation that the two had on May 12, 2009, Ms. Wellborn stated she was confident that Plaintiff would not be able to obtain damages of as much as $9,000.00 from her client. Even considering similar damages against the other two Defendants, for which she has not claimed personal knowledge, this clearly contradicts her sworn statement.

8. Plaintiff is absolutely not seeking $75,000.00 or more in this action. He has never contemplated such an amount, never sought such an amount, and has never stated, implied, or otherwise conveyed to Ms. Wellborn, the three Defendants, or anyone else that he is seeking such an amount.

9. Plaintiff served his Mandatory Initial Disclosures (Exhibit "A") upon all Defendants on June 10, 2009. In them, Plaintiff's damages are clearly specified at less than $75,000.00.

10. It seems likely that Ms. Wellborn is deliberately attempting to mislead the Court by stating under penalty of perjury alleged facts that she knows are untrue. She should not be allowed to do so.

WHEREFORE, Plaintiff seeks leave to respond to Defendant Nationwide Credit, Inc.'s Opposition to Motion to Remand and Motion to Strike of May 28, 2009, or in the alternative for the Court to consider this motion in response to Defendant's Opposition.

Dated: June 15, 2009

Respectfully submitted,

*[signature: Larry Rumbough]*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 15th day of June, 2009 by U.S. Mail delivery to:

Elizabeth R. Wellborn
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606

*[signature: Larry Rumbough]*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATION OF CONFERENCE

Plaintiff, Larry Rumbough, certifies that on June 9, 2009 he conferred in good faith regarding this motion as required by Local Rule 3.01(g) with Elizabeth R. Wellborn, Attorney for Nationwide Credit, Inc. Ms. Wellborn indicated that she did not oppose the motion.

_____
Larry Rumbough

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
    Plaintiff,

Case No. 6:09-cv-00657-JA-GJK

-v-

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

## PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Pursuant to Fed. R. Civ. 26(a)(1), Plaintiff makes the following disclosures based on the information currently and reasonably available to Plaintiff:

**A. Individuals Likely to Have Discoverable Information Supporting Plaintiff's Claims**

1. Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859
Knowledge of the allegations and claimed damages set forth in the Complaint

2. AnnaMarie Sullivan
1402 Tanager Drive
Orlando, FL 32803
(407) 894-6284
Knowledge of Plaintiff's mental state resulting from Defendants' actions

3. Tim Rumbough
54 Brentwood Circle
Bloomsburg, PA 17815
(570) 389-0397
Knowledge of Plaintiff's mental state resulting from Defendants' actions

4. Elizabeth R. Wellborn
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
(954) 354-3544
Knowledge of Plaintiff's damages

5. Janet Hall
Knowledge of automated calls made by Nationwide to Plaintiff

6. Clark Curbow
Knowledge of his conversations with Plaintiff

7. Peter Anand
Knowledge of his conversation with Plaintiff

8. AT&T, INC.
Knowledge regarding the collection of an alleged debt and obtaining Plaintiff's credit reports

9. Nationwide Credit, Inc.
2015 Vaughan Road NW, Suite 400
Kennesaw, GA 30144-77802
Knowledge regarding the collection of an alleged debt on behalf of Defendant AT&T, Inc.

10. Franklin Collection Service, Inc.
P.O. Box 3910
Tupelo, MS 38803-3910
Knowledge regarding the collection of an alleged debt on behalf of Defendant AT&T, Inc.

11. OSI Collections Services, Inc.
200 S. Executive Drive, 3rd Floor DLO
Brookfield, WI 53008-0937
Knowledge regarding the collection of an alleged debt on behalf of Defendant AT&T, Inc.

12. CBCS
P.O. Box 69
Columbus, OH 43216
Knowledge regarding the collection of an alleged debt on behalf of Defendant AT&T, Inc.

13. Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348
(800) 685-1111
Knowledge of Defendant AT&T, Inc.'s obtaining Plaintiff's credit reports

**B. Documents Plaintiff May Use to Support His Claims**

1. Letters sent by Plaintiff to Defendants, OSI, and CBCS

2. Letters sent by Defendants, OSI, and CBCS to Plaintiff

3. Credit reports sent by Equifax to Plaintiff

4. Audio tapes and notes taken by Plaintiff pertaining to phone messages and conversations with representatives of Defendants

## C. Damages

Plaintiff seeks $1,000.00 in statutory damages for each violation of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Florida Debt Collection Practices Act by Defendants. The total number of violations is estimated at 20-25 and can be accurately determined only through the discovery and trial process. Plaintiff seeks additional punitive damages in the amount of $10,000.00 against each of the Defendants for intentional infliction of emotional distress. The total amount of damages of all kinds that Plaintiff is seeking is no more than $55,000.00.

## D. Insurance

NA


Dated: June 10, 2009

Respectfully submitted,

*Larry Rumbough* (signature)

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859