RECEIVED

2009 JUN 18 PM 4: 42

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
    Plaintiff,

Case No. 6:09-cv-00657-JA-GJK

-v-

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

**PLAINTIFF'S MOTION TO DISQUALIFY ELIZABETH R. WELLBORN,
ATTORNEY FOR DEFENDANT NATIONWIDE CREDIT, INC.**

Plaintiff, Larry Rumbough, hereby files Plaintiff's Motion to Disqualify Elizabeth R. Wellborn, Attorney for Defendant Nationwide Credit, Inc., and states:

1. As an attachment to Defendant Nationwide Credit, Inc.'s (NCI) Opposition to Motion to Remand and Motion to Strike of May 28, 2009, Elizabeth R. Wellborn, Attorney for Defendant NCI, personally signed under penalty of perjury a Declaration (Exhibit "A"). The Declaration is not signed by a representative of her client.

2. As Ms. Wellborn states in her Declaration: "I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify to those facts." Ms. Wellborn thus volunteered to participate in the proceedings as a witness, with no prompting by either the Court or Plaintiff.

3. Ms. Wellborn claims to have personal knowledge that Plaintiff's damages exceed $75,000.00 as represented in her Declaration (#8. & #12.).

4. If Plaintiff's damages do in fact exceed $75,000.00 as Ms. Wellborn claims to believe but Plaintiff has no knowledge of, Plaintiff has a right to obtain details of these damages through the usual process of discovery.

5. Florida Bar Rules of Professional Conduct Rule 4-3.7 specify when an attorney may act as a witness:

> Rule 4-3.7 Lawyer as Witness
> (a) When Lawyer May Testify.
> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
> (4) disqualification of the lawyer would work substantial hardship on the client.

None of the preceding exceptions pertain to the present situation. Therefore, by offering herself as a witness in this case, Ms. Wellborn is ethically obligated to withdraw as the attorney for Defendant NCI.

6. On June 9, 2009, Plaintiff asked Ms. Wellborn for the content and source of the information she personally claimed to know regarding Plaintiff's damages. Ms. Wellborn refused to disclose either, citing attorney-client privilege.

7. Ms. Wellborn cannot have it both ways. Either she is a witness to pertinent facts in this case, for which she has asked the Court to consider her testimony, or she is an advocate for her client. It is time for Ms. Wellborn and her client to choose one or the other.

8. As a necessary fact witness, Plaintiff intends to depose Ms. Wellborn and call her to the stand at trial unless Defendant NCI provides another witness who can honestly and competently testify to the exact alleged facts contained in Ms. Wellborn's Declaration. To Plaintiff's knowledge, no such person exists besides Ms. Wellborn.

9. It is strange that an attorney representing a party would personally sign a Declaration pertaining to the merits of the case. Perhaps Ms. Wellborn either didn't want her client to know

that she was attempting to cover up her mistake in filing late the Notice of Removal or she could not persuade a representative of her client to sign a Declaration that had no basis in fact.

WHEREFORE, Plaintiff requests that the Court disqualify Elizabeth R. Wellborn as attorney for Defendant NCI; or in the alternative order her or her client to specify in detail the source and content of her claim that Plaintiff's damages exceed $75,000.00; or in the alternative allow her to admit that she falsely prepared and signed her Declaration.

Dated: June 18, 2009

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 18th day of June, 2009 by U.S. Mail delivery to:

Elizabeth R. Wellborn
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATION OF CONFERENCE

Plaintiff, Larry Rumbough, certifies that on June 9, 2009 he conferred in good faith regarding this motion as required by Local Rule 3.01(g) with Elizabeth R. Wellborn, Attorney for Nationwide Credit, Inc. Ms. Wellborn indicated that she opposed the motion.


_____
Larry Rumbough

## DECLARATION OF ELIZABETH R. WELLBORN

I, Elizabeth R. Wellborn, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Florida and in the United States District Court for the Middle District of Florida. I am counsel of record for Nationwide Credit, Inc. ("NCI"). I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify to those facts.

2. This declaration of notice is made in support of NCI's Opposition to Plaintiff's Motion to Strike as Sham Pleading NCI's Notice of Removal and Motion to Remand the Case to State Court.

3. On March 2, 2009, Plaintiff LARRY RUMBOUGH filed a four Count Complaint in the Circuit Court for the 9th Circuit Judicial District of Orange County, Florida.

4. On March 11, 2009, Plaintiff served Defendant Nationwide Credit, Inc. ("NCI") through its registered agent in Florida by process server. Attached as **Exhibit 1** is a true and correct copy of the Proof of Service on NCI's registered agent.

6. Contrary to Plaintiff's assertion otherwise, NCI had until April 11, 2009 to file its removal, not April 10, 2009. However, because April 11, 2009 was a Saturday, NCI had until close of business on April 13, 2009 to file its removal.

7. I timely signed and submitted the Notice of Removal based on Federal Question Jurisdiction for filing on April 13, 2009. However, my attorney service was unable to file the Notice of Removal until April 14, 2009.

8. I believe that the Court still retains Diversity Jurisdiction over the case because no defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.

9. Plaintiff states that he is an individual who resides in Florida. However, he omits any reference to his citizenship.

10. Plaintiff admits that NCI is a Georgia corporation, and that AT&T, Inc. is a Texas corporation.

11. On May 26, 2009, I conducted a search of the Mississippi Secretary of State online business search. I learned that Franklin Collection Service, Inc. ("FCS") is a Mississippi corporation which makes FCS as Mississippi citizen. Attached as **Exhibit 1** is a true and correct copy of the search results I printed.

11. Plaintiff's complaint demands an amount in excess of $15,000 and seeks statutory and punitive damages, attorneys' fees and costs, as well as actual damages for mental anguish, humiliation, and loss of reputation.

12. I believe that NCI will ascertain through discovery that Plaintiff is not a citizen of the same state as any defendant and that Plaintiff's damages claim exceeds the jurisdictional minimum.

13. I attached a copy of the state court docket as an exhibit to the Notice of Removal which reveals that as of April 13, 2009, no other defendant had appeared in the state court action. Attached as **Exhibit 2** is a true and correct copy of the state court action docket from April 13, 2009 which was submitted with NCI's Notice of Removal.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 28th day of May, 2009 at Deerfield Beach, Florida.

                                                s/ Elizabeth R. Wellborn
                                                Elizabeth R. Wellborn