**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH
          Plaintiff,

v.

AT&T INC.; NATIONWIDE
CREDIT, INC.; and FRANKLIN
COLLECTION SERVICE, INC.
          Defendants.

**Case No.** 6:09-cv-657-JA-GJK

**DEFENDANT NATIONWIDE CREDIT INC.'S MOTION FOR**
**PROTECTIVE ORDER AND FOR SANCTIONS**
**PURSUANT TO FRCP 26(C)**

COMES NOW Defendant Nationwide Credit, Inc. ("NCI"), by and through its undersigned attorney, pursuant to *F.R.C.P.* 26(c) and moves this Court for a Protective Order prohibiting the deposition of Elizabeth R. Wellborn, Esq. ("Ms. Wellborn") who is litigation counsel for NCI and prohibiting the taking of NCI's deposition in the State of Florida. We also request sanctions for the continuing harassment and vexatious litigation techniques that Plaintiff is engaging in. This Motion is based on the following Memorandum of Law, Declaration of Elizabeth R. Wellborn and Declaration of Janet DeYoung.

**I.    GOOD CAUSE EXISTS TO SEEK AN ORDER PROHIBITING THE DEPOSITION OF ELIZABETH R. WELLBORN**

NCI seeks a Protective Order to prohibit Plaintiff from deposing Ms. Wellborn who is litigation counsel for NCI.   All of the factors weigh in favor of issuing a protective order here.   Ms. Wellborn's testimony is not essential to Plaintiff's lawsuit nor is it the only, or even, the most efficient, way to determine

Plaintiff's damages. Ms. Wellborn's knowledge of Plaintiff's damages stem solely from information she has learned through confidential communications with NCI which are protected by the attorney client privilege. Plaintiff's obvious and improper attempts to discover Ms. Wellborn's legal theories and legal strategy stray into the realm of protected attorney work-product. Even innocent inquiries at a deposition of Ms. Wellborn will likely result in violation of both the attorney work-product doctrine and the attorney client privilege. Plaintiff's deposition of Ms. Wellborn, much like his Motion to Disqualify Ms. Wellborn, is merely an attempt to harass NCI. Good cause exists to issue a protective order in this case.

## II.  GOOD CAUSE EXISTS TO SEEK AN ORDER LIMITING PLAINTIFF TO ONE DEPOSITION OF NCI AT ITS PRINCIPAL PLACE OF BUSINESS

Good cause exists in seeking the Court's protection under *Federal Rules of Civil Procedure* Rule 26(c) as Plaintiff has demanded that NCI be deposed Orlando Florida which is not NCI's principal place of business.

NCI is agreeable to have its Rule 30(b)(6) witness deposition taken between September 22 and September 25, 2009 at its principal place of business, however, there is certainly no reason why NCI should be made to travel to Florida to be deposed. Plaintiff has provided no reason why deposition of NCI in the state of Florida is necessary in this case other than to burden and harass.

## III. STATEMENT OF FACTS

On June 10, 2009, Plaintiff listed Ms. Wellborn as a witness with knowledge of Plaintiff's damages claims in his Rule 26 initial disclosures. (**Exhibit A**). On June 15, 2009, Ms. Wellborn sent a letter to Plaintiff stating that she had no relevant non-privileged information regarding Plaintiff's claims and informed

Plaintiff that if he proceeded with noticing her deposition she would be forced to bring the instant motion for protective order. (**Exhibit B**). On July 25, 2009, Plaintiff served a Notice of Deposition for Ms. Wellborn to take place on August 12, 2009 in Orlando, Florida. (**Exhibit C**).

On  July 25, 2009, Plaintiff served a Notice of Deposition to NCI to take place in Orlando, Florida. (**Exhibit D**). On July 21, 2009 and again on July 31, 2009, in a telephone conversation with Plaintiff, Ms. Wellborn objected to deposition of NCI in Orlando, Florida based on Local Rule 3.04. (e Declaration, ¶ 6). NCI's principal place of business is not Orlando, Florida but rather Kennesaw, Georgia. (DeYoung Declaration, ¶ 3). Moreover, the corporate representative who is available for deposition is located in the offices of Nationwide Credit in Phoenix, Arizona.

## IV.   ARGUMENT

### A.   The Court Should Issue a Protective Order Prohibiting the Deposition of Elizabeth R. Wellborn.

Rule 26(c) of the Federal Rules of Civil Procedure empowers the Court to make a wide variety of orders for the protection of parties and witnesses in the discovery process. *F.R.C.P.* 26(c). This Rule allows any party or any person against whom discovery is sought to move for a protective order based on good cause. *City of Oldsmar v. Kimmins Contracting Corp.* 805 So.2d 1091 (Fla.App.2.Dist 2002).

Protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances. *West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301 (1990) (*citing to Salter v. Upjohn Co.* 593 F.2d 649, 653 (5th Cir. 1979). However, the deposition of a party's attorney requires additional scrutiny. *Id.*

Although the Federal Rules of Civil Procedure do not explicitly prohibit the deposition of a party's attorney, the practice of forcing attorneys to testify as a witness has long been discouraged. *Shelton v. American Motors Corporation* 805 F.2d 1323, 1327 (8th Cir. 1986). Federal Courts have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case. *West Peninsular Title Co.*, (*citing to NFA Corp. v. Riverview Narrow Fabrics* 117 F.R.D. 83 (M.D. N.C. 1987).

The *Shelton* Court held that under certain circumstances the court should order the taking of opposing counsel's deposition limited to where the party seeking to take the deposition has shown that (1) no other means exists to obtain the information, (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 1327. The *West* case interpreted *Shelton* and set forth additional criteria that the party seeking the deposition must demonstrate: (1) the propriety and need for the deposition (2) that the deposition is the only practical means available of obtaining the information (3) that the information sought will not invade the attorney's work product or attorney client privilege, (4) the information must be relevant and must outweigh the dangers of deposing a party's attorney. *West Peninsular Title Co.,* 302-303.

As set forth below, Plaintiff has not and cannot overcome the presumptions under *West* or *Shelton* sufficient to warrant denying NCI's motion for protective order.

### 1. The deposition of Elizabeth R. Wellborn is neither necessary nor proper in this Case.

Deposing Ms. Wellborn is neither necessary nor proper in this case because alternative means exist for Plaintiff to obtain the information he seeks and her deposition is a merely means of harassing Ms. Wellborn and NCI.

The mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c) Fed.R.Civ.P. protective order unless the party seeking the deposition can show both the propriety and need for the deposition. N. *F.A. Corp. v. Riverview Narrow Fabrics, Inc.* 117 F.R.D. 83 (M.D. N.C. 1987). The *N.F.A* Court highlighted several situations where an attorney is both a necessary and proper deponent:

> Examples where deposition of an attorney is both necessary and appropriate are as follows. The attorney may be a fact witness, such as an actor or a viewer. Levingston v. Allis-Chalmers Corp., 109 F.R.D. 546, 550 (S.D.Miss.1985); Sullivan v. Stefanik, 605 F.Supp. 258 (D.Ill.1985) (deposition of as-sistant district attorney to reconstruct missing preliminary hearing record). The attorney may be the person with the best information concerning non-privileged matters relevant to a lawsuit, such as for example, the nature and dates of services he rendered and the fees and expenses incurred. Condon v. Petacque, 90 F.R.D. 53 (N.D.Ill.1981). Also, the attorney's advice may become an issue in the case, as here for example where defendant uses the advice as a defense.

N.*F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 85.

Here, Plaintiff seeks to depose Ms. Wellborn regarding her knowledge of Plaintiff's damages claims. Only after Ms. Wellborn informed Plaintiff that she could not and would not divulge information protected by the attorney client privilege and that she had no personal knowledge of Plaintiff's damages claims, did Plaintiff file his motion to disqualify Ms. Wellborn and notice her deposition. Motion to Disqualify, at ¶ 6. However, Ms. Wellborn is not a fact witness, such as an actor or a viewer. Ms. Wellborn has no non-privileged information that is relevant to the lawsuit. Further, Ms. Wellborn's advice is not an issue in this case. Plaintiff's sole basis for deposing Ms. Wellborn is Plaintiff's insistence that she

has personal knowledge of his damages and therefore her testimony is necessary. Motion to Disqualify, at ¶ 8.  However, Ms. Wellborn is not a party or a percipient witness to the circumstances surrounding this litigation.  Rather, as is the custom and the form, Ms.  Wellborn filed a sworn Declaration in support of NCI's Notice of Removal which stated her legal belief as to the basis of this Court's diversity jurisdiction over the case. NCI can only conclude that Plaintiff attempts to depose Ms. Wellborn are for an improper purpose to obtain a tactical advantage in the litigation.

### 2. The deposition of Elizabeth R. Wellborn is not the only practical means of obtaining information regarding plaintiff's damages claims.

To conclude that deposing Ms. Wellborn is the only practical means of obtaining information regarding Plaintiff's claims for damages is a stretch of the imagination to say the least.

The party seeking the deposition of a party's attorney must demonstrate that the deposition is the only practical means available of obtaining the information sought. *West Peninsular Title Co.,* 303 (*citing to N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 85). Other methods, such as written interrogatories and requests for the production of documents and admissions should be employed. *See, Id.*

Here, Ms. Wellborn is not the most practical source of information regarding Plaintiff's damages.  Plaintiff is.  Further, Plaintiff actually identifies several other witnesses in his Initial Disclosures whom he claims also have personal knowledge of his damages in this litigation.  (**Exhibit A**).  Plaintiff identifies himself, Anna Marie Sullivan, and Tim Rumbough as persons with knowledge of Plaintiff's cdamages and mental state resulting from NCI's alleged misconduct. (*See* **Exhibit A, ¶¶ 1-3**).  Plaintiff has not yet been deposed, produced any documentary

evidence of his damages, or answered any interrogatories. Once that discovery is complete, all parties will have a clear understanding of Plaintiff's damages claims and any support.

At this time, it is neither necessary nor proper to depose Ms. Wellborn so that Plaintiff can go on a fishing expedition to discover Ms. Wellborn's legal theories about his case.

### 3. The information sought will invade the attorney work-product doctrine and attorney-client privilege.

Perhaps the most significant and irrefutable reason why Ms. Wellborn's deposition should be prohibited is because the nature of the information sought is protected by the long standing and well settled principles of attorney client privilege and the attorney work product doctrine.

Any party seeking to depose another party's attorney must demonstrate that a deposition is the only practical means available of obtaining the information, that the information sought will not invade the attorney's privilege or the attorney's work product and that the information is relevant and the need for it outweighs disadvantages inherent in deposing party's attorney. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.* 117 F.R.D. 83, 85 (M.D. N.C. 1987) (*citing Shelton*, 1327).

Rule 26(b)(3) of the Federal Rules of Civil Procedure, recognizes that the work product privilege applies to

> documents and tangible things prepared in anticipation of litigation by or for another party, or by or for that other party's lawyer or other representative, as well as to an attorney's mental impressions, conclusions, opinions or legal theories.

*In re Alexander Grant & Co. Litigation*, 110 F.R.D. 545, 548 (1986).

A claim of attorney-client privilege requires proof that client is holder; communication was made to attorney; communication was made for purpose of securing legal services; communication was not made for purpose of committing crime; and privilege has not been waived. *West Peninsular Title Co. v. Palm Beach County* 132 F.R.D. 301, 303 (1990).

Ms. Wellborn has repeatedly and vehemently refused to disclose to Plaintiff the source and content of information she has obtained regarding his claims in this lawsuit. Motion to Disqualify, at ¶ 6.  This is because NCI has a well recognized attorney-client privilege which must be protected and has not been waived.  Ms. Wellborn also has a professional and ethical obligation to protect client confidences gained in the course of defending NCI in this lawsuit.  Ms. Wellborn appropriately refused to disclose privileged information upon demand by Plaintiff. Any questioning by Plaintiff which would require Ms. Wellborn to speculate or project as to the extent and details of Plaintiff's damages would be a clear violation of the attorney work product doctrine and the attorney client privilege.  It would violate the attorney work-product doctrine to compel Ms. Wellborn to testify as to the legal research she has conducted regarding the issue of damages or to compel her to divulge her mental impressions and theories on the issue.

Instead of obtaining an attorney to assist him with this litigation, Plaintiff attempts to obtain protected information from Ms. Wellborn which will undermine her client's case and violate her ethical obligations. There is no clearer justification for issuing a protective order prohibiting her deposition.

### 4.    The relevance of the information sought does not outweigh the dangers of deposing Elizabeth R. Wellborn.

The danger of deposing Ms. Wellborn outweighs any potentially relevant information she may possess.

In addition to being non-privileged, the party seeking to depose another party's attorney must demonstrate that the information sought is relevant and must outweigh the dangers of deposing a party's attorney. *West Peninsular Title Co.*, 302-303.

The *West* Court discussed the dangers of deposing a party's attorney when it reasoned that, "As this Court is well aware, innocent inquiries at deposition often implicate work product or attorney client privileges...A deposition question may cause the defendant's attorney to discuss an area of his involvement in preparing for this case. The deposition plaintiffs seek to compel, therefore, may impinge upon the defendant attorney's work product." *West Peninsular Title Co.*, 303.

The relevance of the information Plaintiff seeks is subjective at best. Plaintiff has what essentially amounts to several claims for statutory damages (capped at $1000 each) and a claim for punitive damages against each defendant. Ms. Wellborn's testimony as to the amount of statutory damages amount Plaintiff is entitled to is irrelevant because the information is clearly set forth in the applicable statutes. Ms. Wellborn has no other insights regarding damages other than as to NCI's total lack of liability to support such a damages award. However, while Ms. Wellborn's testimony as the punitive damages claims may be relevant, that knowledge is entirely protected by the attorney work product doctrine and the attorney client privilege. The dangers of deposing Ms. Wellborn to obtain such speculative yet protected information clearly outweighs the slight relevance of the information so improperly sought. This Court must consider the competing interests in this case and issue a protective order prohibiting Ms. Wellborn's deposition.

**B.     NCI'S Deposition Should Be Conducted <u>Once</u> At Its Principal Place Of Business In Kennesaw, Georgia.**

A corporate party's deposition is taken at the corporation's principal place of business.

> "The deposition of a non-resident defendant...is generally **conducted at the defendant's place of residence**. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 155 (S.D.N.Y. 1997). Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." (Emphasis added) *Buzzeo v. Board of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998); *Moore v. Pyrotech,* 137 F.R.D. 356, 357 (D. Kan. 1991) ("depositions are ordinarily taken at the corporation's principal place of business unless justice requires otherwise").
>
> "As a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business.  This is particularly so when the corporation is a defendant.  If a corporation objects to depositions at a location other than its principal place of business, the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.  One reason for this principle may be a desire to avoid forcing defendant corporations to transport business records." (Emphasis added) *Zuckert v. Berkliff Corp.* 96 F.R.D. 161, 162 (D.C. Ill. 1982).

The Middle District has held that "as a general rule and presumption, a non-resident corporate defendant should be deposed in its principal place of business, since the Plaintiff is the party who brings the lawsuit and selects the forum." *LeBlanc v. Unifund CCR Partners* 2007 U.S. Dist. LEXIS 62141, * 5 (2007) (citations omitted); *see also, Buryan v. Max Factor & Co.* 41 F.R.D. 330, 332 (S.D.N.Y. 1967) (requiring plaintiff to take depositions of corporate

defendants in California, where plaintiff chose the New York forum and "[t]he effect of requiring [defendants] to come here for examination would necessarily be oppressive and annoying….").

Here in the Middle District of Florida, the local rules support NCI's request for a protective order in this case. Local Rule 3.04 provides that

> **a non-resident defendant who intends to be present in person at trial** may reasonably be deposed at least once in this District either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest. Otherwise, depositions of parties should be taken as in the case of other witnesses pursuant to Rule 45(d), Fed.R.Civ.P. A non-resident, within the meaning of this rule is a person presiding outside the State of Florida.

U.S.D.C., Mid. Dist. Fla., L.R.-304(b) (emphasis added).

Here, NCI is clearly a non-resident of Florida. (DeYoung Declaration, ¶3). Further, NCI states that it does not intend to be present "in person" at trial of this case. (DeYoung Declaration, ¶7). Plaintiff has made no justification for the burden and inconvenience to NCI, and has made no showing of burden and hardship for Plaintiff to conduct NCI'S deposition at its principal place of business in Kennesaw, Georgia.

**C. Rumbough's Categories of Requests and Deposition Inquiry of NCI Representative are Overly Broad, Unduly Burdensome and not reasonably calculated to Lead to the Discovery of Admissible Evidence. Moreover, they are subject to attorney work product, confidential and contain proprietary information.**

This matter arises out of allegations that some or all of the Defendants violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stats., § 559.55. *et. seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692

(a) *et. seq.* and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et. seq.* in the attempt to collect the unpaid telephone debt of the Plaintiff's business. While Rumbough has classified the debt as "consumer" in nature in his complaint, it appears that the phone number is listed as the primary business line for Pegasus Financial, Inc, a business owned and operated by Rumbough. **(Exhibit E)**. Based upon this information alone, it seems premature and unnecessarily burdensome to have Rumbough engage in a pursuit of documents pertaining to NCI's consumer operations if his debt is not even classified as consumer oriented.

Alternatively, even if Rumbough's lawsuit is labeled a consumer debt case, not only has Rumbough decided to set the depositions of NCI's corporate representative in Orlando whom he admittedly recognizes as being out of state, but, as is more fully set forth below, the scope of inquiry and categories of documents requested are unduly burdensome in design, overly broad to an unconscionable degree, and not remotely calculated to lead to the discovery of any admissible evidence that has any bearing on the issues raised in the pleadings. They are also protected by the attorney work product and attorney client privilege. The proposed inquiry and categories of documents requested also attempt to delve into areas that are confidential and proprietary in nature. This undoubtably shows a deliberate attempt by the Plaintiff to continue his persistent harassment of NCI and the other defendants in this case. As a consequence, the Court should order

that NCI need not respond to them until further discovery is conducted to determine the nature of the Plaintiff's debt, or at the very least narrow the scope to areas that are relevant to the lawsuit. Further, the Court should impose sanctions against Rumbough for his abuse of the discovery process.

Below are listed all of the documents which Rumbough has requested be made available at the deposition of the NCI Representative and our objections to each. The objections are listed below the corresponding number.

1.      All documents as defined in Exhibit "B" in your possession, custody or control which list, bear, or contain the Plaintiff's name "Larry Rumbough," his social security number, address, customer number, account number with any creditor, and any mark identifying Plaintiff's file.

**Objection to Document Request 1:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

2.      All letters, consumer reports, applications, account information, credit scoring data or other personal identifying information in your possession which list, bear, or contain the Plaintiff's name "Larry Rumbough," his social security

number, address, customer number, account number with any creditor, and any mark identifying Plaintiff's file.

**Objection to Document Request No. 2:** Defendant objects to this request to the extent that it seeks information that is equally available to all parties. Moreover, the Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of the undefined term "consumer reports." Defendant further objects to the Request as unduly burdensome and harassing to the extent that it calls for the production of documents that are not in the custody or control of Defendant. Subject to and without waiving the foregoing, after conducting a reasonable and diligent inquiry, Defendant has been unable to locate any such responsive documents.

3.      All correspondence, of whatever form and kind, between you and any third party, in your possession, which lists, bears, or contains the name(s) " the Plaintiffs name "Larry Rumbough," his social security number, address, customer number, account number with any creditor, and any mark identifying Plaintiff's credit file.Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine.

**Objection to Document Request No. 3:** Defendant further objects to the Request as unduly burdensome and harassing to the extent that it calls for the

production of documents that are not in the custody or control of Defendant. Defendant further objects to the Request to the extent it seeks to impose burdens on Defendant that are inconsistent with or in addition to Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules.

4.     Any and all records you maintain which, in any way, reference inquiries into information files which list, bear, or contain the Plaintiff's name "Larry Rumbough," his social security number, address, customer number, account number with any creditor, and any mark identifying Plaintiff's credit file.

**Objection to Document Request No. 4:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects that the request is vague and ambiguous as to the meaning of the undefined terms as "credit file(s) and information file." Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

5.     Any and all documents or other recordings evidencing, constituting or referring to communications between you and any person which list, bear, or contain the Plaintiff's name "Larry Rumbough," his social security number, address, customer number, account number with any creditor, and any mark identifying Plaintiff's credit file.

**Objection to Document Request No. 5:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects that the request is vague and ambiguous as to the meaning of the undefined terms as "credit file."

6.    Any and all documents or other recordings pertaining or referring to any allegation in Plaintiffs' complaints in this suit or any allegation made in this suit or any response made by or defense taken by you.

**Objection to Document Request No. 6:** Defendant objects to this request on the grounds that it is premature and seeks information not yet subject to discovery pursuant to F.R.C.P. 26(a)(2). Subject to and without waiving the foregoing, Defendant will disclose information pursuant to Fed.R.Civ.P. 26(a)(2) at the time and in the sequence as set forth in the Court' Scheduling Order.

7.    Any and all documents or other recordings evidencing, constituting or referring to your policies and procedures in the care, supervision, direction, custody and control of any documents sought to be produced in this deposition.

**Objection to Document Request No. 7:** Defendant objects to this request on the grounds that it is overly broad as to time and scope. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence in this action.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

8.     Any and all documents or other recordings evidencing, constituting or referring to communications between you and any other entity or person concerning "Larry Rumbough."

**Objection to Document Request No. 8:** Defendant objects to this request on the grounds that it is overly broad as to time and scope. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

9.     Copies of each and every document involving communication(s) or contact(s) between you and the following entities or their agents, employees or representatives, which in any way references Plaintiff, or any allegation or defense asserted in this action:

a)     Equifax Information Services LLC;
b)     Experian Information Solutions, Inc.;
c)     Trans Union LLC;
d)     Any other consumer reporting agency;
e)     Any other person or entity providing you any public records data about Plaintiff;
f)     Any state or federal governmental entity.

**Objection to Document Request No. 9:**   Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of the term "contacts or communications." Defendant further objects that the interrogatory is overbroad as to time and scope. Subject to and without waiving the foregoing, Defendant states that it did not report Plaintiff's debt to any consumer credit reporting agency.

10. Copies of each and every document involving communications or contacts between you and the following persons, which in any way references the corresponding account number or inquiry made to you, if one is listed, or otherwise references Plaintiff or any of his personal identifiers or any other defendant in this suit, associated with any or all of the following entities:

a)   AT&T, Inc.
b)   Nationwide Credit, Inc.
c)   Franklin Collection Service, Inc.
d)   OSI
e)   CBCS

**Objection to Request No. 10:**   Defendant objects to this request on the grounds that it is overly broad as to time and scope. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence in this action. Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

11. Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures in the investigation or reinvestigation of credit data.

**Objection to Request No. 11:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope. Subject to and without waiving the foregoing, responsive non-privileged documents will be produced. Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

12. Copies of any and all policy manuals, procedure manuals, or other documents, concerning computer programs, software or hardware you use or utilize to access credit data and/or consumer reports.

**Objection to Request No. 12:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to this request

to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.   Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

13. Copies of any and all policy manuals, procedure manuals, or other documents, which address any or all of your policies, practices or procedures in ensuring the maximum possible accuracy of data maintained or disseminated by you.

**Objection to Request No. 13:**   Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine.  Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.   Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

14. Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in ensuring the completeness of data maintained or disseminated by you.

**Objection to Request No. 14:**   Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine.  Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope.   Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.   Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

15. Copies of any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees, in the following areas: consumer relations, reinvestigation, consumer credit database maintenance, subscriber relations and billing.

**Objection to Request No. 15:**   Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine.  Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant.

Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.  Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

16. Copies of any and all credit reports obtained by you concerning Plaintiff or which bear any of the personal identifiers of Plaintiff. This request includes all frozen data reports, archived reports, current, on-line reports and the current state of the credit data of Plaintiff or which bear any of the personal identifiers of Plaintiff. In connection therewith, please identify the recipient(s) of each document.

**Objection to Request No. 16:**   Defendant objects to this request on the grounds that the terms are vague and ambiguous as to the meaning of the undefined terms "frozen data reports," archived reports, "credit data." Defendant objects to this request to the extent that it seeks information that is equally available to all parties. Defendant further objects to the Request as unduly burdensome and harassing to the extent that it calls for the production of documents that are not in the custody or control of Defendant. Subject to and without waiving the foregoing, after conducting a reasonable and diligent inquiry, Defendant has been unable to locate any such responsive documents.

17. Complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, address or discuss Plaintiff, any of his personal identifiers and/or any of the data identified, as false, by Plaintiff in this action.

**Objection to Request No. 17:** Defendant objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to the Request as unduly burdensome and harassing to the extent that it calls for the production of documents that are not in the custody or control of Defendant. Defendant further objects to the Request to the extent it seeks to impose burdens on Defendant that are inconsistent with or in addition to Defendant's discovery obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules. Defendant will not produce any documents in response to this request.

18. Copies of your subscriber contract between you and any of the following entities:

a) Equifax Information Services LLC;
b) Experian Information Solutions, Inc.;
c) Trans Union LLC;
d) Any other consumer reporting agency;
e) Any other person or entity providing you any public records data about Plaintiff; Any state or federal governmental entity.

**Objection to Document Request No. 18:** Defendant objects to this request to the extent that it is vague and ambiguous as to the meaning of the term "Subscriber contracts." Defendant further objects to this request on the grounds

that it is overly broad as to time and scope. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

19.    Any and all policy manuals, procedure manuals, or other documents, which address the particular architecture of your frozen data report system, credit data archival system or other system which electronically captures the state of a consumer's file(s) at a given point in time.

**Objection to Request No. 19:**   Defendant objects to this request on the grounds that the terms are vague and ambiguous as to the meaning of the undefined terms "frozen data reports," "credit data archival system."  Defendant further objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary information of Defendant. Defendant further objects to the request on the grounds that it is vague and overbroad as to time and scope.  Subject to and without waiving the foregoing, responsive non-privileged documents will be

produced.  Any confidential documents will only be produced subject to and upon the entry of an appropriate protective order.

20.    Any and all correspondence, documents or other recordings from you, or your attorneys, to any other defendant in this action, or their attorneys.

**Objection as to Request No. 20:**  Defendant objects to this request to the extent that it seeks attorney client privilege information and attorney work product.

21.    Any and all correspondence, documents or other recordings to you, or to your attorneys, from any other defendant in this action, or their attorneys.

**Objection as to Request No. 21:**  Defendant objects to this request to the extent that it seeks attorney client privilege information and attorney work product.

22.    Any and all consumer dispute verification(s) documents [CDV's] or Universal Data Correction forms you sent to any person or which you received from any person, which in any way references Plaintiff, any of his personal identifiers, any other defendant, or any allegation or defense asserted in this action.

**Objection as to Request No. 22:**  Defendant objects to the request on the grounds that it is vague and ambiguous as to the meaning of the undefined terms "consumer dispute verification," "CDV," "and "personal identifiers."   Because of the defects in the form of the request, Defendant would be unable to produce any documents in response.

23.    Any and all telephone reinvestigation forms and/or message books which in any way reference Plaintiff or any allegation or defense asserted in this action.

**Objection to Document Request No. 23:** Defendant objects that the request is vague and ambiguous as to the meaning of the undefined terms "telephone reinvestigation forms." Defendant further objects to the request on the grounds that it seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

24.    Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

**Objection to Document Request No. 24:** Defendant objects to this request on the grounds that it is premature and seeks information not yet subject to discovery pursuant to F.R.C.P. 26(a)(2). Subject to and without waiving the foregoing, Defendant will disclose information pursuant to Fed.R.Civ.P. 26(a)(2) at the time and in the sequence as set forth in the Court' Scheduling Order.

25.    Any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause.

**Objection to Document Request No. 25:** Defendant objects to this request on the grounds that it is premature and seeks information not yet subject to discovery pursuant to F.R.C.P. 26(a)(2).   Subject to and without waiving the foregoing, Defendant will disclose information pursuant to Fed.R.Civ.P. 26(a)(2) at the time and in the sequence as set forth in the Court' Scheduling Order.

26.    Any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

**Objection to Document Request No. 26:** Defendant objects to this request on the grounds that it is premature and seeks information not yet subject to discovery pursuant to F.R.C.P. 26(a)(2).   Subject to and without waiving the foregoing, Defendant will disclose information pursuant to Fed.R.Civ.P. 26(a)(2) at the time and in the sequence as set forth in the Court' Scheduling Order.

27.    Copies of any statements you have taken or received from any third person in any way connected with this action.

**Objection to Document Request No. 27:** Defendant objects to this request on the grounds that it is overly broad as to time and scope. Defendant further objects to this request to the extent that it seeks confidential and/or proprietary

information of Defendant. Defendant further objects to the extent that it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Subject to and without waiving the foregoing, responsive non-privileged documents will be produced.

## V.   CONCLUSION

It is clear in this case that Rumbough has propounded his over-inclusive scope of inquiry and document requests for an improper purpose. It is a transparent attempt to open issues already adjudicated in the numerous other cases he has filed in the Middle District of Florida and the Ninth Judicial Circuit. More importantly, Rumbough is abusing his pro-se designation to circumvent the procedural process and ask for discovery that is not relevant to the issues raised in this case. Rumbough's modus operandi has been identical in all the cases he has filed including this one. By engaging in an abusive discovery process, Rumbough achieves his ultimate objective – to needlessly increase fees and costs of this litigation and impose unreasonable burdens on NCI and the rest of the defendants so as to extort a monetary settlement.

Based upon the foregoing, NCI respectfully requests that this Court issue a Protective Order Prohibiting the Deposition of Elizabeth R. Wellborn, Esq. and Ordering the Deposition of NCI to be conducted at its principal place of business

between September 22 and September 25, 2009.  Moreover, the Court should order that NCI need not respond to the deposition until further discovery is conducted to determine the nature of the Plaintiff's debt, or at the very least narrow the scope of the deposition testimony to those areas that are actually relevant to the lawsuit. Further, the Court should impose sanctions against Rumbough for his abuse of the discovery process.

## VI.    CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01 (g)

The undersigned certifies that, prior to filing this motion she spoke with Rumbough via telephone and sent him a letter in a good faith effort to resolve the issues in this motion.   Despite these efforts, however, these issues were not resolved, necessitating that NCI bring this motion before the Court.

Dated: August 6, 2009                     Respectfully submitted,

                                          s/ Elizabeth R. Wellborn
                                          Elizabeth R. Wellborn
                                          Florida Bar No. 155047
                                          Elizabeth R. Wellborn, PA
                                          1701 West Hillsboro Blvd., Suite 307
                                          Deerfield Beach, FL 33442
                                          Tel: 954-354-3544  Ext. 215
                                          Fax: 954-354-3545
                                          ewellborn@erwlaw.com
                                          *Attorneys for Nationwide Credit, Inc.*

NATIONWIDE CREDIT, INC.'S MOTION FOR PROTECTIVE ORDER – Page 29

## DECLARATION OF ELIZABETH R. WELLBORN

I, Elizabeth R. Wellborn, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of Florida and in the United States District Court for the Middle District of Florida.  I am counsel of record for Nationwide Credit, Inc. ("NCI").  I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify to those facts.

2.      This declaration of notice is made in support of NCI's Motion for Protective Order.

3.      On June 10, 2009, Plaintiff listed me as a witness with knowledge of his damages claims in his Rule 26 initial disclosures.  (**Exhibit A**).

4.      On June 15, 2009, I sent a letter to Plaintiff stating that I had no relevant non-privileged information regarding his claims and informed Plaintiff that if he proceeded with noticing my deposition I would be forced to bring a motion for protective order.  (**Exhibit B**).

5.      On July 25, 2009, Plaintiff served a Notice of Deposition for me to take place on August 12, 2009 in Orlando, Florida.  (**Exhibit C**).

6.      On July 21, 2009 and again on July 31, 2009, in a telephone conversation with Plaintiff, I objected to deposition of NCI in Orlando, Florida based on Local Rule 3.04.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this ___ day of August, 2009 at Deerfield Beach, Florida.


_____
Elizabeth R. Wellborn

## DECLARATION OF JANET DEYOUNG

I, Janet DeYoung, declare as follows:

1.     I am a Vice President of Compliance at Nationwide Credit, Inc. ("NCI"). I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify to those facts.

2.     I am the designated person most knowledgeable on behalf of NCI who can testify as to NCI's efforts to collect on Plaintiff Larry Rumbough's debt with AT&T for the time period between November 1, 2007 and December 31, 2007.

3.     NCI is incorporated in Georgia and its principal place of business is in Kennesaw, Georgia.

4.     On July 25, 2009, Larry Rumbough served a Notice of Deposition of NCI for August 12, 2009 in Orlando, Florida. (**Exhibit D**).

5.     Travel to Florida to take my deposition will take me unnecessarily away from my work at NCI.

6.     I propose to make myself available for deposition in Kennesaw, Georgia any time between September 22 and September 25, 2009.

7.     NCI does not intend to send a representative to attend the trial of this matter in person should the case proceed to that extent.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 6th day of ~~July~~ AUGUST, 2009 at Phoenix, Arizona.

Janet DeYoung

NATIONWIDE CREDIT, INC.'S MOTION FOR PROTECTIVE ORDER – Page 13

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of August, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will notify the following electronically:

GOLDEN & SCAZ, PLLC
Dale T. Golden, Esquire
2124 W. Kennedy Blvd., Suite A
Tampa, Florida 33606
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-mail: dale.golden@goldenscaz.com
*Attorney for Defendants AT&T, Inc.*
*& Franklin Collection Service, Inc.*

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail on August 6, 2009 to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
*Plaintiff, Pro Se*

s/ Elizabeth R. Wellborn
Elizabeth R. Wellborn
Florida Bar No. 155047
Elizabeth R. Wellborn, PA
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442
Tel: 954-354-3544   Ext. 215
Fax: 954-354-3545
ewellborn@erwlaw.com
*Attorneys for Nationwide Credit, Inc.*