NIGHT BOX FILED
RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2009 AUG 27 PM 4:55

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
    Plaintiff,

Case No. 6:09-cv-00657-JA-GJK

-v-

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT NATIONWIDE CREDIT INC.'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS PURSUANT TO FRCP 26(C)**

Plaintiff, Larry Rumbough, hereby files Plaintiff's Response to Defendant Nationwide Credit Inc.'s Motion for Protective Order and for Sanctions Pursuant to FRCP 26(C) of August 10, 2009, and states:

1. Plaintiff spoke with NCI's attorney, Ms. Wellborn, on July 21, 2009 to discuss setting her client's deposition. He indicated that the deposition should take place in Orlando pursuant to Local Rule 3.04(b) and indicated a willingness to schedule it on a mutually convenient date.

2. Ms. Wellborn objected to setting the deposition in Orlando and refused to give a reason. She also refused to set a date for the deposition, whether in Orlando or at her client's place of business. Ms. Wellborn did not inform Plaintiff that NCI would not appear as a witness at trial.

3. Plaintiff informed Ms. Wellborn that he was entitled to take her client's deposition and would be forced to unilaterally schedule it due to her intransigence.

4. Ms. Wellborn informed Plaintiff that she would file a motion for protective order regardless of when the deposition was scheduled.

5. Plaintiff served Notices of Depositions for NCI upon Ms. Wellborn on July 25, 2009. It was sent by certified mail and delivered to her on July 27, 2009.

6. NCI did not appear for its deposition on August 12, 2009.

7. Ms. Wellborn mailed the motion for protective order to Plaintiff on August 10, 2009. Plaintiff did not receive the motion until August 13, 2009, one day after the scheduled deposition. Ms. Wellborn has refused Plaintiff's request that she serve him by e-mail as well as mail.

8. As it states in Middle District Discovery (2001) at VI.B., "Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e. without waiting until the discovery is due or almost due." Ms. Wellborn violated this rule by waiting so long to file the motion for protective order.

9. NCI's deponent, Janet DeYoung, works in Phoenix, Arizona. In her affidavit supporting the motion for protective order, she states that she will make herself available for deposition in Kennesaw, Georgia. She does not explain why she can travel to Georgia but is unwilling to travel to Florida. Kennesaw, Georgia and Orlando, Florida are almost equidistant from Phoenix, Arizona.

10. Instead of making any attempt to coordinate deposition dates with Plaintiff, NCI offers only deposition dates between September 22 and September 25, 2009.

11. Ms. Wellborn has already volunteered to appear as a witness in her Declaration claiming that Plaintiff's damages exceed $75,000.00. She has refused to provide an alternate witness to testify about this claim.

12. NCI filed a motion for protective order on August 6, 2009. The Court sua sponte struck the motion for failure to abide by Local Rule 3.01(a). Presumably this was because the

motion failed to "include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request."

13. Instead of correcting these deficiencies, NCI filed an almost identical motion on August 10, 2009.

14. Defendant claims to rely on Fed.R.Civ.P 26 (C) for authority, but this rule pertains to time for initial disclosures, not the matter at hand.

15. The motion claims that the Court should impose sanctions against Plaintiff but does not explain on what basis and by what authority.

16. Because of Ms. Wellborn's refusal to abide by applicable rules, Defendant's motion should be denied.

WHEREFORE, Plaintiff requests that the Court deny Defendant Nationwide Credit Inc.'s Motion for Protective Order and for Sanctions Pursuant to FRCP 26(C) of August 10, 2009.

Dated: August 27, 2009

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 27th day of August, 2009 by U.S. Mail delivery to:

Elizabeth R. Wellborn
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606

*/s/ Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859