MGHT BOX FILED
RECEIVED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA AUG 27  PM 4: 55
## ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
    Plaintiff,

                               Case No. 6:09-cv-00657-JA-GJK

-v-

AT&T, INC.; NATIONWIDE CREDIT, INC.;
and FRANKLIN COLLECTION SERVICE, INC.
    Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff, Larry Rumbough, hereby files Plaintiff's Response to Defendants' Motion for

Protective Order of August 10, 2009, and states:

1. Plaintiff spoke with Mr. McHale, on July 21, 2009 to discuss setting his clients'

deposition. He indicated that the deposition should take place in Orlando pursuant to Local Rule

3.04(b) and indicated a willingness to schedule it on a mutually convenient date. Mr. McHale

voiced no objection to the deposition taking place in Orlando.

2. Mr. McHale declined to schedule a deposition before knowing the topics to be asked

about. It was clear to Plaintiff that Mr. McHale was deliberately delaying the deposition. Plaintiff

informed Mr. McHale that he would schedule the deposition, but would reschedule if Mr.

McHale provide an alternate date.

3. Plaintiff served Notices of Depositions for AT&T and Franklin upon Mr. McHale on

July 25, 2009. It was sent by certified mail and delivered to him on July 27, 2009.

4. Plaintiff had called Defendants' attorneys Mr. McHale or Mr. Golden to confer with

them on every business day between July 28, 2009 and August 11, 2009, a total of 11 calls. Both

attorneys refused to answer all of Plaintiff's calls. Finally, on August 11, 2009 Mr. McHale returned Plaintiff's call.

5. Mr. McHale admitted that he had not conferred, pursuant to Local Rule 3.01(g), with Plaintiff regarding the motion for protective order. Mr. McHale claimed it was not necessary because it was a non-dispositive motion. Plaintiff explained that it was indeed necessary to confer regarding such a motion.

6. As it states in Middle District Discovery (2001) at VI.A., "Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced."

7. Mr. McHale mailed the motion for protective order to Plaintiff on August 11. Plaintiff did not receive the motion until August 14, 2009, two days after the scheduled deposition.

8. As it states in Middle District Discovery (2001) at VI.B., "Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e. without waiting until the discovery is due or almost due." Mr. McHale violated this rule by waiting so long to file the motion for protective order.

9. Mr. McHale also indicated that he did not know who would be AT&T's deponent. Plaintiff informed Mr. McHale that AT&T has many employees in Orlando and asked if one of them could be deposed. Mr. McHale could not answer that question. He promised to find out and inform Plaintiff but has not done so yet.

10. Because of Mr. McHale's refusal to abide by applicable rules, Defendant's motion should be denied.

WHEREFORE, Plaintiff requests that the Court deny Defendant's Motion for Protective Order of August 10, 2009.

Dated: August 27, 2009

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 27th day of August, 2009 by U.S. Mail delivery to:

Elizabeth R. Wellborn
1701 West Hillsboro Blvd., Suite 307
Deerfield Beach, FL 33442

Dale T. Golden
Golden & Scaz, PLLC
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859