UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-vs-                                    Case No. 6:09-cv-657-Orl-28GJK

AT&T, INC., NATIONWIDE CREDIT, INC.,
FRANKLIN COLLECTION SERVICE,
INC.,

    Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's Motion for Remand (Doc. 9) and Defendant's response thereto (Doc. 23). Because the Notice of Removal was not timely made, this case must be remanded.

### I. Background

Plaintiff filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, against Defendants AT&T, Inc., Nationwide Credit, Inc., and Franklin Collection Service, Inc. for violations of the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. 1681. Defendant Nationwide Credit, Inc. ("Nationwide") was served with the Complaint on March 11, 2009. On April 14, 2009, Nationwide filed its Notice of Removal in this Court.

## II. Discussion

A civil action filed in state court founded on a claim or right arising under a law of the United States may be removed to federal court without regard to citizenship or residence of the parties. 28 U.S.C. § 1441(b). Plaintiff's Complaint alleges four causes of action: 1) Violation of Florida Consumer Collection Practices Act, Fla. Stat. § 559; 2) Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692; 3) Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681; and 4) Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681. Claims 2-4 are founded on rights arising under the laws of the United States and are thus removable to this Court under 28 U.S.C. § 1441(b).

The proper procedure for removal of a case from state to federal court is set forth in 28 U.S.C. § 1446. Section 1446 (b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed *within thirty days after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . .

(Emphasis added).

The parties agree Defendant Nationwide was served with the Complaint on March 11, 2009 (Doc. Nos. 1 and 9). The thirty (30) days for filing the Notice of Removal thus expired April 10, 2009. The Notice of Removal was required to be filed in this Court within the thirty (30) days. 28 U.S.C. § 1446(a). The Notice of Removal was not filed in this Court

until April 14, 2009 (Doc. 1). Thus the Notice of Removal was filed four days after the time required by 28 U.S.C. § 1446 (b).[1]

It is well established that removal statutes are to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F. 3d 1092,1094 (11th Cir. 1994). Defendant having failed to timely file its Notice of Removal, Plaintiff's Motion to Remand (Doc. 9) is **GRANTED.** This matter is remanded to the Ninth Judicial Circuit in and for Orange County, Florida, case number 09-CA-6060. The Clerk is directed to remand this case to the state court and to thereafter close the file.

---

1. Defendant claims the thirty (30) days expired on April 11, 2009, which fell on a Saturday, and thus it had until April 13, 2009 to file its Notice. Defendant's calculation is erroneous; the thirty days expired April 10, 2009 and not April 11, 2009. Defendant asserts "[i]n good faith, NCI's counsel timely signed and submitted the Notice of Removal based on Federal Question Jurisdiction for filing on April 13, 2009 although it was not received by the Court until April 14, 2009." (Doc. 23). The date stamp for receipt by this Court is April 14, 2009 at 3:46 p.m. It is not clear to the Court how NCI's counsel can argue it timely submitted the Notice.

Defendant further argues that even if the Notice was procedurally defective, the Court should retain jurisdiction based on diversity jurisdiction because " it believes (but has yet to confirm) that no defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.00" (Doc. 23), arguing that it may ascertain this information through further discovery. This argument also fails. Defendant has the burden of proving by a preponderance of evidence that the damages, more likely than not, exceed this Court's jurisdictional requirements at the time the case was removed. Williams v. Best But Co., 269 F. 3d 1316, 1319 (11th Cir. 2001). Defendant has not presented any facts establishing its right to remove on the basis of diversity.

    **DONE AND ORDERED** in Chambers, Orlando, Florida this 28 day of September, 2009.

                                            JOHN ANTOON II
                                            United States District Judge

Copies furnished to:
Counsel of Record